**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-1105
_____

JANE DOE,
                        Appellant

v.

ALLEGHENY COUNTY HOUSING AUTHORITY; FRANK AGGAZIO;
Y. BEVERLY MOORE; JIM BULLS; CHAYLA CARTER;
RONDA WYNO; KEVIN BELL

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(W.D. Pa. Civil Action No. 2-22-cv-01811)
District Judge:  Honorable Arthur W. Schwab

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
January 26, 2024

Before:  SHWARTZ, RESTREPO, and FREEMAN, <u>Circuit Judges</u>

(Opinion filed: February 1, 2024)
_____

OPINION[*]
_____

PER CURIAM

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Pro se Appellant Jane Doe appeals from an order of the District Court sua sponte dismissing her amended complaint. For the reasons that follow, we will vacate in part the judgment of the District Court and remand for further proceedings.

**I.**

Appellant, known for the purposes of this litigation as Jane Doe, resides in public housing managed by the Allegheny County Housing Authority ("the ACHA"). In September 2022, Doe filed a pro se complaint against the ACHA and three ACHA employees in the United States District Court for the Western District of Pennsylvania. The District Court sua sponte dismissed her complaint prior to service without prejudice to refiling.[1] Rather than refiling in the District Court, in November 2022, Doe filed a new action against the ACHA and six ACHA employees in the Court of Common Pleas for Allegheny County. The defendants removed the action to the District Court, No. 2:22-cv-01811, and filed a motion to dismiss for failure to state a claim.

Thereafter, Doe filed an amended pro se complaint, wherein she alleged that she is a participant in Pennsylvania's Address Confidentiality Program ("ACP"), and that the defendants repeatedly divulged her personal address in violation of the program's mandates. She further alleged that the defendants violated the Fair Housing Act ("FHA") and the Americans with Disabilities Act ("ADA") by, inter alia, harassing and retaliating against her for filing complaints with the Department of Housing and Urban Development ("HUD"), and by failing to address her safety and maintenance complaints.

---

[1] See 2:22-cv-01262. That case is sealed in the District Court, but the defendants attached a copy of the docket sheet as an exhibit to their petition for removal.

Citing Federal Rules of Civil Procedure 8(a)(2) and 12(b)(6), the District Court sua sponte dismissed the amended complaint with prejudice for failure to state a claim upon which relief could be granted. Doe appeals.

## II.

We have jurisdiction pursuant to 28 U.S.C. § 1291. Our review of the District Court's sua sponte dismissal of Doe's complaint for failure to state a claim is plenary. See Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000).[2] In conducting that review, we accept the factual allegations in Doe's complaint as true and construe those facts in the light most favorable to her. Newark Cab Ass'n v. City of Newark, 901 F.3d 146, 151 (3d Cir. 2018). To withstand dismissal, "a complaint must contain sufficient factual allegations, taken as true, to 'state a claim to relief that is plausible on its face.'" Fleisher v. Standard Ins., 679 F.3d 116, 120 (3d Cir. 2012) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). As a pro se litigant, Doe is entitled to liberal construction of her complaint. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam).

Doe's first claim asserts, inter alia, that the defendants violated Pennsylvania's ACP. The ACP is a statutorily created program that "provides victims of domestic violence, sexual assault, human trafficking or stalking with an alternate mailing address to keep their actual home address out of public records where their perpetrator may find their location." Address Confidentiality (pa.gov) (last visited Dec. 26, 2023); see also

---

[2] Generally, a district court "may dismiss complaints under Rule 12(b)(6) sua sponte where appropriate" after service of process. Grayson v. Mayview State Hosp., 293 F.3d 103, 111 n.15 (3d Cir. 2002).

The Domestic and Sexual Violence Victim Address Confidentiality Act, 23 Pa. Cons. Stat. § 6701 et seq. Pursuant to 23 Pa. Cons. Stat. § 6707, "State and local government agencies shall accept the substitute address designated on a valid program participation card issued to the program participant by the Office of Victim Advocate ("OVA") as the program participant's address" except in certain limited circumstances not implicated on the face of Doe's complaint. See also 37 Pa. Code § 802.21(b) (regarding the use of the ACP address "on all mail sent to the ACP participant by a Commonwealth or local government agency"). Chapter 23 provides for criminal penalties for the violation of certain ACP provisions, see 23 Pa. Cons. Stat. § 6711, and grants OVA, law enforcement agencies, and their agents, contractors, and employees limited immunity "from civil liability in any action arising in connection with this chapter," 23 Pa. Cons. Stat. § 6713.

Doe alleged that she presented the ACHA with her ACP authorization card, but that they repeatedly failed to use her ACP address in lieu of her physical address, including by mailing certain documents directly to Doe's physical address and disclosing her physical address to multiple third parties, thereby endangering her safety. In dismissing this claim, the District Court, with little explanation, concluded that none of Doe's allegations regarding the violation of the ACP, or any inferences that could be drawn therefrom, "trigger any law – Federal or State." D.Ct. ECF No. 12 at 3 n.1.

Doe asserts that the District Court erred in reaching this conclusion because the ACP clearly requires the use of her substitute address, which the defendants failed to do on multiple demonstrated occasions. The defendants assert, without citation to any authority, that the ACP does not provide a private cause of action against the ACHA or

4

its employees and therefore the claim was properly dismissed.  They also assert that none of the allegations made by Doe trigger any of the criminal penalties contained in the statute.

While we agree that nothing in Doe's amended complaint implicates the criminal penalties set forth in § 6711,[3] her complaint appears to allege that the defendants violated § 6707, including by failing to send mail through the ACP.  Although the statute does not explicitly provide participants with a private right of enforcement, the District Court failed to analyze whether the statute as a whole, including the immunity provisions of § 6713, implies such a right.  See generally Palmiter v. Commonwealth Health Sys, Inc., 260 A.3d 967, 973 (Pa. Super. Ct. 2021) (explaining criteria considered in determining whether an implied right of action exists).  Accordingly, we will remand to the District Court to consider in the first instance whether the statute implies a private right of action, and if so, whether Doe has plausibly stated a claim for relief.

As for Doe's FHA and ADA claims, the District Court concluded that Doe's amended complaint failed to "actually set[] forth any factual allegations which could trigger either one of these Federal Statutes," noting that "[n]one of the allegations in [Doe's] amended complaint illustrate discrimination against her because of her race, sex, disabilities, or any other legally cognizable protected class for which discrimination is not

---

[3] It is a summary offense under § 6711(c) to make unauthorized use or disclosure of an ACP participants actual address.  However, that provision applies only to those who lawfully obtained a participant's actual address pursuant to an exception contained in § 6708.  The defendants did not obtain Doe's physical address pursuant to § 6708, but rather by virtue of her participation in the housing program through which the defendants necessarily had knowledge of her physical address.

5

tolerated." D.Ct. ECF No. 12 at 3-4.  To the extent that Doe complained of FHA or ADA violations due to various maintenance issues, we agree that her amended complaint failed to plausibly illustrate that she was discriminated against because of her race, sex, disabilities, or any other legally cognizable protected class.

We also agree that Doe failed to adequately plead an FHA retaliation claim under 42 U.S.C. § 3617.  Doe's filing of a complaint with HUD after the defendants used her physical address on a money order instead of her ACP substitute address, see D.Ct. ECF No. 9 at 7-8, may have been protected activity.  See 24 C.F.R. § 100.400(c)(6). However, her amended complaint lacked sufficient allegations, beyond mere conclusory assertions, of a "causal connection" between that activity and the complained of actions on the part of the defendants.  Revock v. Cowpet Bay W. Condo. Ass'n, 853 F.3d 96, 112-13 (3d Cir. 2017).[4]

---

[4] Doe appears to allege for the first time before this Court that she was discriminated against because she is an elderly, disabled, African American female.  She also presents potential new allegations of discrimination.  Our review, however, is limited to the allegations contained in Doe's amended complaint.  See, e.g., Simko v. U.S. Steel Corp., 992 F.3d 198, 201 n.1 (3d Cir. 2021) ("In reviewing a dismissal under Federal Rule of Civil Procedure 12(b)(6), we 'must consider only the complaint, exhibits attached to the complaint, [and] matters of public record ….'" (citation omitted)).

Doe criticizes the District Court for failing to address state law claims she now asserts are supported by her allegations. While a court must liberally construe the allegations and "apply the applicable law, irrespective of whether the pro se litigant mentioned it be name," Higgns v. Beyer, 293 F.3d 683, 688 (3d Cir. 20230), this does not require the court to act as an advocate to identify any possible claim that the facts alleged could potentially support. This makes particular sense in connection with possible state law claims in a case like this where the District Court has jurisdiction based on the presence of federal question and has the discretion to decline to exercise supplemental jurisdiction over state law claims. 28 U.S.C. §1367(c).

Finally, as Doe notes, see 3d Cir. ECF No. 28 at 2, the District Court incorrectly asserted that Doe's amended complaint was filed "[i]n response to Defendant's Motion to Dismiss." D.Ct. ECF No. 12 at 2. Doe's amended complaint was filed on January 5, 2023. In a letter to the District Court dated January 11, 2023, Doe asserted that the defendant's December 23, 2022 Motion to Dismiss was mailed to Doe through the ACP and not received by Doe until January 10, 2023. See D.Ct. ECF No. 10. As such, Doe's operative amended complaint was not submitted in response to pleading deficiencies asserted by the defendants. In this context, we find that it was error for the District Court to dismiss her complaint without either leave to amend, or a finding that further amendment would be inequitable or futile. See Grayson, 293 F.3d at 108; see also Foman v. Davis, 371 U.S. 178, 182 (1962) (noting that the "outright refusal" to grant leave to amend "without any justifying reason [i.e., inequity or futility] appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and

7

inconsistent with the spirit of the Federal Rules").  Although we agree, as noted above, that Doe's complaint was deficient in some respects and as to some claims, we cannot conclude on this record that granting Doe leave to amend would be inequitable or futile.

Accordingly, we will vacate in part the District Court's order dismissing Doe's amended complaint with prejudice for failure to state a claim and remand for further proceedings consistent with this opinion.  We take no position on the merits of any potential claims.[5]

---

[5] Doe has several motions currently pending before this Court.  Her motion to compel ACHA to produce documents, 3d Cir. ECF No. 11, is denied.  Her motion to withdraw a previously filed document is granted. See 3d Cir. ECF No. 16.  Finally, as Doe is a participant in the ACP and as documents and exhibits filed in this Court could expose her true name and physical address, potentially jeopardizing her physical safety, her unopposed motion to seal the case, 3d Cir. ECF No. 6, is granted.  As Doe fails to specify a duration for the sealing order, the documents will be unsealed, without notice to the parties, five years after the conclusion of the case. See 3d Cir. L.A.R. 106.1(c)(2).